DONALD MORRISON *vs.* ALBERT A. WHALEY.

The employé of a subcontractor cannot have a mechanic's lien under Pub. Stat. R. I. cap. 177.

The subcontractor, however, may have a lien for the labor of himself and his employés.

In Pub. Stat. R. I. cap. 177, § 6, the word "contract" means original contract, not subcontract.

PETITION for the enforcement of a mechanic's lien.

*February* 8, 1890. PER CURIAM. This is a petition for the enforcement of a lien claimed by the petitioner under Pub. Stat. R. I. cap. 177, relating to "the lien of mechanics." The lien is claimed on the defendant's interest in a house and lot, described in the petition, for work done on said house. The petition states that "said work was done at the request of one Kenneth S. Mc-Neill, who performed work upon said house as a subcontractor." As we understand the statement, the petitioner did the work as an employé of the subcontractor, without request by or contract with the defendant or the original contractor. The defendant contends that such an employé is not entitled to a lien under chapter 177. We think the contention is valid. The lien for labor is given by the first three sections, but to whom is not expressly stated. Sections 4 and 5 prescribe the times within which the original contractor shall commence proceedings in order to have the benefit thereof. It is plain, therefore, that a lien enures to him, and it has been held to cover not only his own personal labor, but also that of his employés. *Sweet & Carpenter* v. *James*, 2 R. I. 270. Section 6 prescribes what proceedings shall be taken, and within what times, to secure a lien, by persons who do work or labor in the construction, erection, or reparation of any building, etc., "at the request of any person who had entered into a contract, whether in writing or not, for such construction, erection, or reparation." Under this section the original contractor's employés or his immediate subcontractors can have a lien by proceeding aright, and it has been decided that a subcontractor can so have it, not only for his own personal labor, but also for that of his employés. *Hatch* v. *Faucher*, 15 R. I. 459. In the latter case the court, in giving its opinion, remarked that section 6[1] extends only "to those who do work or labor at the request of the original contractor, and not to the employés of a subcontractor." If this remark is correct the petitioner has no lien, for there is no other section prescribing procedure that can apply in his favor. The question is, of course, whether the word "contract" in the phrase, "at the request of any person who had entered into a con-

---

[1] Section 6 is printed in 15 R. I. p. 460.

tract, whether in writing or not, for such construction, erection, or reparation," means simply the original contract, or may likewise include a subcontract. Whatever question there might be on this point, if section 6 were taken by itself, we do not think that any one can read it, in its order with the preceding five sections, and have any serious doubt that said word "contract" means the original contract, the phrases in which it occurs are so similar and correspondent to the phrases in the preceding sections where the original contract or the original contractor is unquestionably indicated. It would be hard for the owner, where his contract is only with the original contractor, if he were obliged to look out for liens not only in favor of the original contractor and his immediate employés and subcontractor, but also in favor of the employés of such subcontractor, or of such subcontractor's subcontractor, following the subcontracts as far as they might happen to go, and, so far as we can see, the statute has not imposed such an obligation upon him.         *Petition dismissed.*

*Charles H. Page & Franklin P. Owen,* for petitioner.

*Harrison A. McKenney,* for respondent.