AND IN THE

## SUPERIOR COURT, COURT OF OYER AND TERMINER AND COURT OF GENERAL SESSIONS

OF

## DELAWARE,

BEGINNING NOVEMBER, 1915.

---

WILMINGTON SASH AND DOOR COMPANY, a corporation existing under the laws of the State of Delaware, *vs.* WILLIAM J. NUTTALL, owner or reputed owner, WILLIAM C. CRAVEN, general contractor, and JOHN P. REARDON, sub-contractor.

MECHANICS' LIENS—PERSONS ENTITLED—DEALER WITH SUB-CONTRACTOR.

Under the mechanics' lien statute, *Rev. Code* 1915, § 2843, providing that to entitle one to avail himself of the lien, his contract must have been (a) with the owner of the building, (b) with his agent, or (c) with any contractor who shall have contracted for the erection, alteration, or repair of the same, and the furnishing of the whole or any part of the materials therefor, where a materialman dealt with a sub-contractor unauthorized to contract either on behalf of the owner or the contractor, such materialman was not entitled to a lien.

(*December* 8, 1915.)

Judges BOYCE and RICE sitting.
*William S. Hilles* for plaintiff.
*Saulsbury, Morris* and *Rodney* for defendants.
Superior Court, New Castle County, November Term, 1915.

SCI FA SUR MECHANICS' LIEN, No. 64, November Term, 1915.

Action by the Wilmington Sash and Door Company against William J. Nuttall and others. On exceptions to plaintiff's state-

ment of claim. Exceptions sustained, and statement of claim dismissed.

Boyce, J., delivering the opinion of the court:

This is an action of *sci. fa. sur* mechanics' lien, and is now before the court on exceptions to the first averment in the plaintiff's statement of claim.

Subject to the restrictions, limitations and qualifications. of the statute, it is thereby made

"lawful for any person or persons having performed or furnished work and labor, or material, or both, to an amount exceeding twenty-five dollars in and for the erection, alteration, or repair of any house, building, or structure, in pursuance of any contract, express or implied, with the owners of such house, building, or structure, or with the agent of such owner, or with any contractor who shall have contracted for the erection, alteration, or repair of the same, and for the furnishing of the whole or any part of the materials therefor, to obtain a lien upon such building, house, or structure, and upon the ground upon which the same may be situated," etc. *Section* 2843, *Rev. Code* of 1915.

Every person entitled to the benefits conferred by the statute, and desiring to avail himself of the lien therein provided for, shall, within the time designated, file a statement of his claim as therein provided.

The statute specifies the kind of averments which the statement of claim shall contain and set forth, and of these:

"First, the names of the party, claimant and owner, or reputed owner of the building, house or structure, and also of the contractor, and whether the contract of the claimant was made with such owner or his agent or with such contractor. * * *

"Fifth, that the said work and labor were performed, or said materials were furnished, on the credit of the said building, house or structure."

"Sixth, that the amount of said claim exceeds twenty-five dollars. * * * *"

The statement of claim originally filed contains, among the other necessary averments, the following:

. "1. That the Wilmington Sash and Door Company, a corporation existing under the laws of the State of Delaware, is the claimant; that the said William J. Nuttall is the owner or reputed owner of the said building, house or structure; that the said William E. Craven is the general contractor for the erection thereof; and that John P. Reardon was a subcontractor under the said William E. Craven, and had contracted for the furnishing of a part of the materials therefor."

By leave of the court, with consent of counsel for the defendants, the statement of claim was subsequently amended by striking out the above averment, and inserting in lieu thereof, duly verified, the following:

"That the Wilmington Sash and Door Company is the claimant; that the said William J. Nuttall is the owner or reputed owner of the said building, house or structure; that the said William E. Craven is the general contractor who contracted to furnish all of the work, labor and materials to be used in the construction of the said house; that the said John P. Reardon is a sub-contractor under the said William E. Craven, and as such sub-contractor contracted with him, the said William E. Craven, to furnish a part of the work, labor and materials included in the contract of the said Craven, and including the materials set forth in the bill of particulars hereto annexed and furnished by this claimant, and that the contract of this claimant was made with the said John P. Reardon."

The exceptions filed to the original averment are, by consent, exceptions to the amended averment, and are as follows:

"1.   For that the statement filed   *   *   *   does not show that Wilmington Sash and Door Company, the claimant therein, was a party authorized by the laws of the State of Delaware to file a statement of mechanics' lien, it not being shown that the materials were furnished pursuant to a contract, express or implied, with the owner of the house, building or structure therein mentioned, or with the agent of such owner or with any contractor who shall have contracted for the erection, alteration or repair of the same and for the furnishing of the whole or any part of the materials therefor."

"2.   That the statement filed,   *   *   *   by   *   *   *   the claimant therein, shows that the materials were furnished in pursuance of a contract between the claimant therein and John P. Reardon who was a sub-contractor under William E. Craven, who was the general contractor with William J. Nuttall for the erection of the building, house or structure mentioned in the said statement and therefore the said Wilmington Sash and Door Company is not entitled under the laws of the State of Delaware to obtain a mechanics' lien upon the premises mentioned in said statement."

In order to entitle a person to avail himself of the lien provided for by the statute, it is necessary—

(1)   That he shall have performed or furnished work and labor or material, or both, to an amount exceeding twenty-five dollars; and

(2)   That such work and labor or material, or both, shall have been performed or furnished in pursuance of a contract, express or implied.

Such contract must have been—

(a) "With the owners of such house, building or structure"; (b) " * * * or with the agent of such owner"; (c) "* * * or with any contractor who shall have contracted for the erection, alteration, or repair of the same, and for the furnishing of the whole or any part of the materials therefor." *Carswell v. Patzowski,* 4 *Penn.* 404, 55 *Atl.* 342, 1013, and *Cantera v. Eighth Street Baptist Church,* 3 *Boyce,* 461, 84 *Atl.* 1035.

It was contended for the defendants that neither the original nor the amended statement of claim filed meets any one of these last three requirements, because it does not show that the contract was made with the owner, or the agent of the owner, or with the contractor required to furnish both labor and materials under a contract with the owner; but that it does show according to the amendment that the contract of the claimant was made with Reardon, a sub-contractor for furnishing a part of the labor and materials, included in the contract of the said Craven, and including the materials furnished by the claimant, as set forth in the bill of particulars thereto annexed.

Counsel for the claimant relies, in a measure, upon the case of *Mulrine v. Washington Lodge, etc.,* 6 *Houst.* 350, as decisive of the question raised by the exceptions in this case. It is true that the claimant in that case delivered stone to the sub-contractor for furnishing the stone and bricks and for doing the stone and brick work in the erection of the building mentioned in the statement of claim.

We have examined the statement of claim filed in that case. The claimant therein, after averring the names of the party claimant and owner of the building, etc., and also of the contractor, further averred his contractual relations, as required by the statute, in these words:

"And Harry Lape was the contractor and Benjamin F. Perkins was the sub-contractor at whose instance said materials were furnished and with whom the contract of the said James Mulrine therefor was made."

It may very well have been taken that the antecedents of the relative pronouns "whose" and "whom" were Harry Lape, contractor, and Benjamin F. Perkins, sub-contractor; thus showing that the claimant contracted with the contractor as well as with the sub-contractor. Such a contract having been averred, no occasion was offered for exceptions like those filed in this case,

or for raising the question now before the court. In fact, no such question was raised. The case was pleaded to issue, and tried before a jury, there being, among others, a special plea:

"That the materials furnished and work and labor performed as set forth in plaintiff's statement were not furnished and performed on the credit of the said house or structure  *  *  *  but upon the individual credit of the defendant.  *  *  *"

Furthermore, at the time of that case, a contractor with whom there must be a contract, either express or implied, had not been defined by the court as it has since been in the two cases herein above cited. It would seem therefore that the *Mulrine case* is not decisive of the question now before the court.

As has been well said the statute requires of claimants of liens to have regard, not merely to their own interest, but to that of the owner, in making their contracts with third persons, and to exercise the caution, required of all other persons, of seeing that the person contracting with them has authority to bind another person's property for the work or materials which are wanted for them. The owner, and the contractor or contractors under him, alone have power to bind the building, for the law gives this power to no others. *Harlan v. Rand*, 27 *Pa.* 511. And the reason for it is clearly stated in *Morrison v. Whaley*, 16 *R. I.* 715, 19 *Atl.* 330, the court saying:

"It would be hard for the owner, where his contract is only with the original contractor, if he were obliged to look out for liens not only in favor of the original contractor and his immediate employees and sub-contractor, but also in favor of the employees of such sub-contractor, or of such sub-contractor's sub-contractor, following the sub-contracts as far as they might happen to go;" adding, "and, so far as we can see, the statute has not imposed such an obligation upon him."

Reardon, the sub-contractor of Craven to furnish a part of the work, labor and materials included, as averred, in the original contract with the owner, contracted with the claimant to furnish the materials set forth in the bill of particulars, presumably the same as were included in the contract between the owner and Craven; but the claimant was, nevertheless, the sub-contractor of Reardon who did not have the power to contract with the claimant so as to entitle the latter to a lien against the

building mentioned in his statement of claim. If the claimant had contracted with Craven he would have become a material man within the language of the decisions in this state, and as such entitled to a lien; but having contracted with a sub-contractor he is not entitled. The statute does not embrace a sub-contractor of a sub-contractor which was the relation between Reardon and the claimant in respect to the building in question.

The exceptions should be sustained.

The statement of the plaintiff is dismissed.