In the Matter of FLEETWOOD MOTEL CORPORATION, Debtor.

Joseph F. Bradway, Trustee under the Will of Edward H. Bradway, Sr. for a 75/300ths interest and Trustee under the Will of Ella R. Elwell for a 75/300ths interest, Barbara J. Sankey, Custodian for minors, Joseph F. Bradway, Jr. for a 10/300ths interest, Linda L. Bradway for a 10/300ths interest, Corinne J. Bradway for a 10/300ths interest, and Camille M. Bradway for a 10/300ths interest, and Bernard W. Capaldi, Trustee under Deed of Trust of John M. Sankey, dated April 30, 1957 for a 25/300ths interest, and Trustee under Deed of Trust of William F. Lawless, Sr. and Carol B. Lawless dated April 30th, 1957 for a 25/300ths interest, and Trustee under Deed of Trust of Joseph F. Bradway, Sr. dated March 5, 1938 for a 60/300ths interest, Appellants.

In the Matter of FLEETWOOD MOTEL CORPORATION, Debtor.

Jack G. Kolman, Trustee, Appellant.

Nos. 14668, 14670.

United States Court of Appeals Third Circuit.

Argued April 6, 1964.

Decided Aug. 6, 1964.

Gerald Weinstein, Atlantic City, N. J. (Lloyd, Horn, Megargee & Steedle, Atlantic City, N. J., on the brief), for Joseph F. Bradway, trustee, and others.

Neil F. Deighan, Jr., Camden, N. J., for Jack G. Kolman.

David Ferber, Atty., S. E. C., Washington, D. C., for Securities and Exchange Commission.

Ronald Berman, Trenton, N. J. (DeBrier & Wallen, Atlantic City, N. J., on the brief), for James Low.

Before STALEY, HASTIE and GANEY, Circuit Judges.

STALEY, Circuit Judge.

These cross appeals are from an order entered by the district court in proceedings under Chapter X of the Bankruptcy Act granting a contractor, James Low, trading as Thomas Low and Son, a secured lien claim in the amount of $55,-991.01 for work performed in the construction of a motel on behalf of the debtor, Fleetwood Motel Corporation. The factual circumstances attending the financial difficulties and attempted reorganization of the debtor have been fully summarized in our opinion in the companion cases, In re Fleetwood Motel Corporation, Nos. 14,667 and 14,669, 335 F.2d 857. However, these appeals pose distinct legal issues which require consideration in a separate opinion.

Fleetwood, pursuant to a prior option agreement, executed a 99 year lease of premises located at 3100 Boardwalk, Atlantic City, New Jersey, on October 1, 1958. The lessor, Beachfront Land, Inc., was the predecessor in interest of Joseph F. Bradway, one the present appellants. The provisions of the lease as well as the particulars of its execution and operation have already been fully set forth in the opinion referred to above. For present purposes, however, we must state that the lease required Fleetwood to construct a hotel or motel of not less than 125 bedrooms, together with a restaurant, cocktail lounge, swimming pool, and various other facilities; required the submission to and approval by the lessor of

the plans and specifications for this structure before any construction could be commenced; provided that any construction contract must be filed in accordance with the Mechanics' Lien Law of the State of New Jersey;[1] contained an agreement on the part of the lessor to subject the land and subordinate the lease to a mortgage not to exceed 75 per cent of the construction cost of the buildings required to be erected; and required Fleetwood, at the expiration of the lease, to deliver up and surrender to the lessor the premises and improvements, furniture, and furnishings contained therein.

Fleetwood contracted with Low for the construction of a motel upon the leased premises on February 4, 1959. The contract together with the plans and specifications was recorded the following day in the office of the Clerk for Atlantic County, New Jersey. The contract sum was specified at $918,620, and the date of completion set at May 15, 1959. The lessor subordinated its lease and subjected its interest in the premises to a construction mortgage in the amount of $800,000, and Low also subordinated its contract to that mortgage.

The work on the contract was substantially completed on June 26, 1959. However, because of the financial difficulties of Fleetwood, discussed in the companion opinion, Low had not been paid in full for this work at the time the present reorganization proceedings were commenced on September 27, 1960. The referee in bankruptcy noted that the parties had stipulated that "there is due to Low on the contract the sum of $27,345.94, subject to offsets for defective workmanship and materials, and that there is due to Low for extras, $29,245.07."

The district court ruled that Low had a secured lien claim in the amount of $27,-345.94 which attaches to the building, improvements, leasehold and the estate of Fleetwood.[2] Moreover, the court held

that because the lessor had consented in writing to the construction, this mechanic's lien would also bind the land owned by Bradway. The claim for extras, reduced by $600 to $28,645.07, was held to be a lien on the building, improvements, leasehold, and estate of Fleetwood, but not upon the land. The court reasoned that the landlord's consent to construction as manifested in the lease should not be construed as including consent to the construction of the extras.

In this court the trustee of the debtor concedes that the first of these claims is a valid mechanic's lien binding upon the estate of the debtor. He asserts, however, that the claim for extras is unsecured. The landlord, on the other hand, maintains that neither of the claims binds either the land or the building and improvements erected thereon.

▮▮ We consider first the nature of the contractor's claim for the work which was unquestionably performed pursuant to the construction contract. The relevant portion of the New Jersey Mechanics' Lien Law provides:

"When a building is erected by a tenant or a person other than the owner of the land upon which it is erected, only the building and the estate of the tenant or person so erecting such building shall be subject to the lien created by this article, *unless erected with the written consent of the owner of such land.* * * *" N.J.S.A. 2A:44–68. (Emphasis supplied.)

It will immediately be noted that in order to bind the owner of the land, the statute by its terms requires only his written consent to the erection, and not his consent to be bound by the lien. And the landlord admits, as he must, that the lease not only permitted, but, indeed, obliged Fleetwood to erect a motel and other improvements on the premises.

1. The pertinent statute provides that if such a contract is filed with the proper county clerk, liability shall be "to the lien of the contractor alone for labor performed or materials furnished pursuant to the contract." N.J.S.A. 2A:44–75.

2. The opinion was delivered orally from the bench.

Bradway's position is that under the law of New Jersey only a written consent which is absolute in its terms will bind his land. In support of that position he cites Hughes v. Durso, 65 N.J.Super. 409, 168 A.2d 75 (App.Div.1961); Stein v. Pennsylvania Dock & Warehouse Co., 10 N.J.Misc. 568, 159 A. 683 (Cir.Ct. 1932); and Hervey v. Gay, 42 N.J.L. 168 (E. & A. 1880). The requisite consent is said to be negated in this case by that clause in the lease wherein the landlord disavows liability for any mechanic's lien.[3]

The cited cases support a rigid construction of the New Jersey Mechanics' Lien Law. But they stand only for the propostion that the consent required by that statute cannot be inferred from a writing of the owner permitting construction by his tenant. None of them deal with the question whether a provision in a lease requiring construction by the tenant is a sufficient consent to erection to bind the owner.

We have been cited to and have discovered no New Jersey case which deals with this question. But the authorities agree that such a provision binds the owner. 3 Powell on Real Property ¶ 486, at 732–734 (1952); 2 Thompson on Real Property § 1273, at 373–375 (1924); 57 C.J.S. Mechanics' Liens § 65c(4), at 562. This conclusion accords both with logic and the policy underlying the Mechanics' Lien Law.[4] For the obvious basis for the consent requirement is that the owner should not be held liable for erection or repairs which he did not authorize. That authorization has most assuredly been given when the owner requires the construction which gives rise to the lien. We need hardly add that it would be difficult to imagine more perspicuous language manifesting the owner's consent to erection than that contained in the lease in the case at bar.

The conclusion that the landlord is bound by the lien of the first claim of the contractor is fortified by additional circumstances in this case. For not only did the landlord compel construction and require approval of the plans and specifications, but it joined in the construction mortgage, subordinated its leasehold interest to that mortgage, and, more important, required that the motel and all other improvements, furniture and furnishings be surrendered and delivered up to it at the expiration of the lease. Thus, the landlord was an active participant in the construction project and derived substantial benefit therefrom. In this setting, we hold that its agreement with Fleetwood that its estate should not be bound by any mechanic's lien cannot deprive Low of his valid secured claim.

With regard to the claim for extras, it will be recalled that the district court held that this claim attaches to the building, improvements, leasehold and the debtor's estate, but not to the land of Bradway. The trustee of the debtor asserts that this claim is unsecured because it is for work which was not performed pursuant to the recorded construction contract and hence is not protected by the statute. N.J.S.A. 2A:44–75, see n. 1, supra. Bradway maintains that, in any event, this claim could not attach to the building and improvements because Fleetwood has no interest in them.

---

3. The relevant portion of the clause reads:
   " * * * It is further expressly understood and agreed by and between the parties hereto that no person furnishing labor, material or services for the construction or the repair of or addition to the buildings to be constructed upon said demised premises shall have any lien upon the Lessors' interest in said premises by reason of furnishing any materials or performing any labor therein and that any and all liens upon the Lessors' estate and interest in said demised premises and the improvements thereon shall be subject to the rights of the Lessors under the terms and provisions of this lease."

4. Of course, the resolution of this question depends upon the language of the particular statute which is being construed. But where the statute speaks in terms of the owner's consent to construction and the owner requires construction in the lease, this result appears particularly appropriate.

The assertion that the extras were not for labor performed or materials furnished pursuant to the contract is devoid of merit. Article 15 of the general conditions of the recorded contract specifically provides for extras. And the trustee frankly admits that Fleetwood authorized these extras. The mere fact that a portion of this extra work was not performed in the precise manner contemplated by the contract is not significant. The record makes it manifest that the parties waived literal compliance with that portion of Article 15 requiring a signed order from the owner or the architect authorizing additional work.

Since Low has not appealed the determination that the claim for extras does not bind the land of Bradway, we are not faced with the question whether the landlord's consent to construction as contained in the lease includes also a consent to the extras performed and furnished pursuant to the contract which would bind that land. But we are met with Bradway's contention that no lien of the contractor can attach to the building and improvements because Fleetwood has no legally cognizable interest in them. The resolution of this question was not required in considering the first claim of Low since we held that the estate of the landlord was bound by its consent to the construction included in that claim.

The district court held that Fleetwood has a conditional equitable lien upon the land and building to the extent of the value of the improvements in the event reorganization fails or the landlord is entitled to possession of the premises. Because of our disposition of the forfeiture question in the companion appeals, we held that it would be premature at this time to decide whether the imposition of such a lien would be permissible if either of those conditions occurs. Nor need we decide that question now in order to determine whether Low's claim for extras is a lien on the building and improvements. In view of our holding that the extras were performed pursuant to the construction contract, the value of them, $28,645.07, is a secured claim against Fleetwood and must be so treated by the trustee in submitting a plan of reorganization. Moreover, even in the absence of the consent of the owner, the statute provides that "the building and the estate of the tenant or person so erecting such building shall be subject to the lien created by this article." N.J.S.A. 2A:44-68. The New Jersey Superior Court has held that so long as the tenant has any estate or interest in the land upon which the building is erected, the statute grants the contractor a lien upon that building. Hughes v. Durso, 65 N.J.Super. 409, 168 A.2d 75. And the court further acknowledged the possibility of the continuation of that lien even after the termination of the estate or interest of the tenant by forfeiture or otherwise. 168 A.2d at 81. And we have already held that Bradway cannot at this time enforce the forfeiture provision of the lease. In re Fleetwood Motel Corp., Nos. 14,667 and 14,669, 3 Cir., 335 F.2d 857. Thus Fleetwood has an interest or estate in the premises under its 99 year lease. Accordingly, the lien of Low for extras attaches to the building and improvements constructed on those premises.[5]

The order of the district court will be affirmed.

---

5. We find it unnecessary to decide whether this lien would be extinguished in the event the lease is forfeited or reorganization of the debtor fails for the same reason that we refused to determine whether the debtor would be entitled to an equitable lien for the value of the improvements in those circumstances, i. e., such a decision would be premature and advisory in nature. As we have already indicated, the court adopted a similar course of action with repect to the contractor's claim in Hughes v. Durso, 65 N.J.Super. 409, 168 A.2d at 81.