FRANK R. CARSWELL *vs.* RICHARD PATZOWSKI, owner or reputed owner.

*Exceptions—Time of Filing Lien—Work and Labor of Architect— Contract Owner—Contractor—Plea in Abatement—Demurrer —Mechanics' Lien—Statute—Defendant—Owner or Reputed Owner, At Time Contract was Made— Only Necessary Party Defendant.*

1. Under the mechanics' lien law of this State, whenever the word owner or reputed owner is used, it means the owner or reputed owner with whom the contract was made, and he is therefore the only necessary party defendant, as such owner or reputed owner. While a subsequent owner may properly be made a party defendant, it is not indispensable that he should be joined, inasmuch as he takes title at his peril, and subject to the lien created by the contract owner whenever such lien is properly enforced.

2. Under the mechanics' lien law, a person who may file his statement of claim within thirty days after the expiration of ninety days from the completion of the work and labor, must be (1) A contractor who made his contract with the owner or reputed owner of the building; (2) A contractor who has furnished both work and labor, and material, in and for the building. Every other person entitled to a lien must file his statement "within ninety days from the completion of the work and labor performed, or from the last delivery of materials furnished."

*(July 1, 1903.)*

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Herbert H. Ward* for plaintiff.

*Robert H. Richards* and *William S. Hilles* for defendant.

Superior Court, New Castle County, May Term, 1903.

MECHANICS' LIEN (No. 9, September Term, 1902).

Demurrer to plea in abatement—Exceptions to lien.

LORE, C. J.:—On June 24th, 1902, Frank R. Carswell, the plaintiff, filed his statement under the mechanics' lien law for a lien against four houses and lots in the City of Wilmington, in this county, and against Richard Patzowski, the defendant as the owner or reputed owner thereof. The claim was for work as an architect, which was commenced February 21, 1901, and finished March 10, 1902, under a contract made with the said Patzowski as the then owner or reputed owner.

February 14, 1902, while the work was in progress, Patzowski conveyed the lands and buildings in question to the "New Castle Lumber Company," a corporation of this State, by deed, which was duly recorded the same day.

In the statement of lien filed by the plaintiff, and in the *scire facias* issued thereon, the said New Castle Lumber Company, the owner of the lands and buildings at the time the statement was filed, was not made a party defendant; the only defendant named therein being Patzowski, the owner with whom the contract was made.

The defendant pleads such failure to make the said New Castle Lumber Company a party defendant in abatement of the suit.

The plaintiff demurs generally to this plea.

The question raised, therefore, is whether the New Castle Lumber Company is a *necessary* party defendant.

There is much apparent conflict of authority as to who should be made parties defendant in mechanics' lien cases, where there has been a change of ownership after the contract is made and work begun.

The conflict has grown out of the varying language and provisions of the statutes of the different States, and from the method of enforcing the lien, whether by proceedings at law or in equity.

The language of some of the statutes is either mandatory or clearly imports that the owner of the land and buildings at the time the suit was commenced should be made defendant. This applies to the decisions, with much force, in Massachusetts, New Jersey and Maryland.

Where the lien has been enforced as if in equity, the equitable rule that all parties interested should be made defendants has prevailed. The cases in Connecticut and Indiana are within this class.

The Pennsylvania statute in its language and main features is very like our own. Under that statute it has been uniformly held that the only essential party defendant is the original owner of the buildings or lands, who contracted for the labor or material.

*Jones vs. Shawhan, 4 W. & S., 257 ; Fourth Avenue Baptist Church vs. Schreiner. 88 Pa. St., 124.*

Like rulings have been had in Wisconsin and in Maine.

*McCoy vs. Quick, 30 Wis., 521 ; Colley vs. Doughty, 62 Me., 501.*

While these decisions do not control us in construing our statute, they throw much light on the subject. We are to be controlled, however, by the terms of our own statute.

The statute provides that a lien may be obtained in pursuance of a *contract* with the *owner or reputed owner* or contractor. It further prescribes that the statement of claim, which is the commencement of the suit, must set out the name of the owner or reputed owner and of the contractor, and whether the contract was made with such owner or reputed owner or contractor. The *scire facias* and all subsequent proceedings are based upon this claim, and point only to the contract owner or reputed owner as the defendant. The contract when made is the pivotal point, and fixes the parties who

are the necessary defendants in any suit thereunder. Other holders are only recognized in the statute as entitled to notice by service of the *sci. fa.* upon the tenant when the premises are occupied, or by notice posted upon the premises, etc.

Careful examination of our statute clearly indicates that whenever the word *owner or reputed owner* is used, it means the owner or reputed owner with whom the contract was made, and he is therefore the only necessary defendant, as such owner or reputed owner. While, therefore, a subsequent owner may properly be made a party defendant, it is not indispensable that he should be joined; inasmuch as he takes title at his peril, and subject to the lien created by the contract owner whenever such lien is properly enforced.

We therefore sustain the demurrer.

Let judgment of *respondeat ouster* be entered upon election of defendant.

———

Exceptions were subsequently filed to the above mechanics' lien, and the same coming on to be heard on October 3, 1903 (before LORE, C. J., and ASSOCIATE JUDGES PENNEWILL and BOYCE), after hearing argument, the following opinion was rendered, dismissing the claim:

LORE, C. J. :—The claim was for work and labor performed by the plaintiff as an architect in the erection of buildings in the City of Wilmington for the defendant as owner or reputed owner.

The contract was made with the owner.

The plaintiff's work and labor was finished on the 10th day of March, 1902; the statement of claim was filed on the 24th day of June, 1902.

The exception relied on was that the statement was not filed within ninety days from the completion of the work and labor alleged to have been furnished by the plaintiff.

Under the mechanics' lien law, a person who may file his

statement of claim within thirty days, after the expiration of ninety days, from the completion of his work and labor, must be:

(1.)  A contractor who has made his contract with the owner or reputed owner of the building.
*Travis vs. Meredith and Ruth, 2 Marvel, 376.*

(2.)  A contractor who has furnished both work and labor, and material, in and for the building.
*Mulrine vs. Washington Lodge, 6 Houst., 350 ; Curlett vs. Aaron, ibid, 477.*

Every other person entitled to a lien must file a statement " within ninety days from the completion of the work and labor performed, or from the last delivery of materials furnished."

This claim, being for work and labor only, should have been filed within ninety days from March 10, 1902, the date of completion of the work and labor. Not having been so filed the claim is dismissed.