SALVATORE CANTERA *vs.* TRUSTEES OF EIGHTH STREET BAPTIST CHURCH, of WILMINGTON, DELAWARE, a corporation of the State of Delaware, owner or reputed owner, and DELAWARE CONSTRUCTION COMPANY, a corporation of the State of Delaware, contractor, and HORACE H. THAYER, JR., Receiver of Delaware Construction Company.

MECHANICS' LIENS—"CONTRACTOR"—SUBCONTRACTOR—FILING LIEN—TIME—STATUTES—CONSTRUCTION.

*Rev. Code*, 1852, as amended to 1893, *p.* 818, *c.* 110 (16 *Del. Laws, c.* 145), provides that any person who has furnished work or materials or both for a building under any contract with the owner thereof, or his agent, or with any contractor, may obtain a lien, subject to the restriction that no contractor who shall have contracted for the erection of the structure in whole or in part shall file his claim until after ninety days from the completion of the building, but he shall file the same within thirty days after the expiration of the ninety days, and all others shall file their claims within the ninety days from the completion of the work and labor performed, etc. *Held*, that the "contractor" entitled to file his claim after ninety days is one who has furnished both labor and materials under contract with the owner, all other persons being required to file their claims within ninety days; and hence, where petitioner performed labor and furnished materials for a building under contracts, but with the contractor, his claim, not filed within ninety days after the completion of the labor or the last delivery of materials, was too late.

(*September* 23, 1912.)

PENNEWILL, C. J., and CONRAD and WOOLLEY, J. J., sitting.

*William S. Prickett* for plaintiff.

*Harry Emmons* for defendants.

Superior Court, New Castle County, September Term, 1912.

SCI. FA. SUR MECHANICS' LIEN (No. 112, September Term, 1912).

The plaintiff performed labor and furnished materials under contracts, not with the owner, but with the contractor for the erection of a building or structure, and ninety-six days after the labor and the furnishing of materials had been finished, he filed his statement of claim.

The defendant filed several exceptions to the plaintiff's claim, the controlling one being, "That said statement was not filed within ninety days from the time when the work and labor

and the furnishing of the materials were finished by said plaintiff as alleged in said statement, in accordance with the act in relation to mechanics' liens."

This exception was sustained, and the plaintiff's statement of claim was dismissed.

WOOLLEY, J., delivering the opinion of the court:

The Mechanics' Lien Act of this state provides that any person who has performed or furnished work and labor or materials, or both, to an amount exceeding a certain sum, in and for the erection, alteration or repair of any house, building or structure, in pursuance of any contract with the owner thereof or with his agent or "with any contractor who shall have contracted for the erection, alteration or repair of the same, and for the furnishing of the whole or any part of the materials therefor," may obtain a lien thereupon and upon the ground which the same is situated, subject, however, to the following restrictions, namely; "That no contractor who shall have contracted for the erection of any building, house or structure, in whole or in part, or for the repair or alteration of the same, and for the furnishing of the whole or any part of the materials therefor, shall be allowed to file any statement of his claim, as is hereinafter provided, until after the expiration of ninety days from the completion of such building, house, or structure so contracted for by him; but such contractor, in order to avail himself of the benefits of this act, shall file his statement in the manner hereinafter provided within thirty days after the expiration of the ninety days aforesaid, and all other persons embraced within the provisions of this act, and entitled to avail themselves of the liens herein provided for, shall file a statement of their respective claims, in the manner hereinafter designated, within ninety days from the completion of the work and labor performed or from the last delivery of materials furnished by them respectively; and every person or persons entitled to the benefits conferred by this act, and desiring to avail himself, herself, or themselves of the lien herein provided for, shall, within the time hereinbefore specified file a statement of his, her, or their claims in the office of the prothonotary of the Superior Court in

and for the county wherein such building or structure is situated." *Chapter* 145, *Vol.* 16, *Laws of Delaware; Revised Code* 1852, as amended to 1893, *p.* 818, *c.* 110.

Under authority of this statute, the plaintiff in this case filed a statement of his claim, which discloses that he performed labor and furnished materials in the erection of a building or structure owned by the Trustees of the Eighth Street Baptist Church; that while the labor was done and materials were furnished upon the credit of the building, they were performed and furnished under contracts, not with the owner, but with the Delaware Construction Company, a contractor; that the time when the labor and the furnishing of materials were finished was the tenth day of May, A. D. 1912, and that the statement was filed on the fifteenth day of August following, being ninety-six days thereafter.

The defendant filed several exceptions to the plaintiff's claim, the controlling one being: "That said statement was not filed within ninety days from the time when the work and labor and the furnishing of the materials were finished by said plaintiff as alleged in said statement, in accordance with the act in relation to mechanics' liens."

In support of this exception, the defendant relies upon the case of *Carswell v. Patzowski*, 4 *Penn.* 403, 406, 55 *Atl.* 342, 1013, in which the court, in construing the provisions of the statute before quoted, held that

"Under the mechanics' lien law, a person who may file his statement of claim within thirty days, after the expiration of ninety days, from the completion of his work and labor, must be:

"(1)  A contractor who has made his contract with the owner or reputed owner of the building.  *Travis v. Meredith & Ruth*, 2 *Marv.* 376, 43 *Atl.* 176.

"(2)  A contractor who has furnished both work and labor, and material, in and for the building.  *Mulrine v. Washington Lodge*, 6 *Houst.* 350; *Curlett v. Aaron, ibid*, 477.

"Every other person entitled to a lien must file a statement within ninety days from the completion of the work and labor performed, or from the last delivery of materials furnished."

The defendant claims that the statement shows that, while the plaintiff furnished both work and labor and materials for the building, he did not perform the labor and furnish the materials under contract with the owner or reputed owner, and contends, therefore, that the plaintiff was not a contractor within the meaning of the act and should not have filed his statement of claim within the time prescribed by the statute for filing statements of claims by contractors, and hence his claim should be dismissed.

The plaintiff likewise cites and relies upon the decision in the case of *Carswell v. Patzowski*, drawing from the language of the court, however, a meaning different from that given it by the defendant. Upon the authority of this decision, as its language is read and interpreted by him, the plaintiff contends that those claimants who are required to file their statements within thirty days after the expiration of ninety days as provided by the act, are not confined to one class with dual qualifications, but are divided into two classes with single qualifications, namely:

"(1) A contractor who has made his contract with the owner or reputed owner of the building," whether the contract be for both labor and material or for either labor or material, or

"(2) A contractor who has furnished both work and labor and material, in and for the building," whether the contract be made with the owner or reputed owner, or with some one else.

Having read in the disjunctive the qualifications of a contractor as declared by the court, the plaintiff maintains that he possesses one of these qualifications, in that he furnished both labor and materials, though not under a contract with the owner or reputed owner, and therefore, in filing his statement of claim within thirty days after the expiration of ninety days, he complied with the act, and filed it within the time prescribed for claims of that class.

This case is important only in the event the language of the court in *Carswell v. Patzowski* is open to the construction placed upon it by the plaintiff. The court in that case availed itself of the facts presented by that case to set at rest the much-disputed question of what constitutes a "contractor" within the meaning of the act, and who should file their statements of claims within

ninety days and within thirty days after ninety days respectively from the completion of the labor and the furnishing of materials. The effect of the decision in that case was to recognize a class of claimants known as "contractors," as established by the statute, and the purpose of the decision was to define and distinguish that class of claimants from the other class contemplated by the statute, and, in doing so, to determine within what periods claimants of the respective classes should file their statements of claims. In doing this, the certain and we think the obvious meaning of the language employed by the court in that decision is that a "contractor" is one who has furnished both labor and material for the building, under contract with the owner or reputed owner thereof, that is, one who has not only furnished both labor and materials but who has also furnished the same under contract with the owner or reputed owner; that "contractors", thus defined, must file their statements of claims within thirty days after ninety days from the completion of the labor and the furnishing of materials, and that "every other person," that is, all persons not embraced within the class of "contractors" as defined, must file their statements of claims within ninety days from the completion of the labor or from the last delivery of the materials furnished.

The exception is sustained and the plaintiff's claim dismissed.