IN RE PETITION OF THOMAS LONG FOR A RULE TO SHOW CAUSE WHY A SHERIFF'S SALE SHOULD NOT BE SET ASIDE.

1. MECHANICS' LIENS—REMEDY—STATUTES—CONSTRUCTION.
    While statutes creating a mechanics' lien must be construed strictly, they must, nevertheless, be given a reasonable and sensible construction.

2. Mechanics' Liens—Property Subject to Lien—"Ground on Which the Building is Situated."

Under the mechanics' lien law, giving a lien on the building and on the ground on which the same may be situated or erected, the lienor is not limited to the exact area on which the building rests; but, if the building is erected for a specific purpose, such quantity of land is embraced in the lien as naturally and properly is appurtenant to and used with the building, so that, if the building is on a town lot, the lien covers the lot, and if it is on a farm, and the building is erected for the use of and is appurtenant to the farm, the farm as a whole constitutes the "ground on which the building is erected".

3. Mechanics' Liens—Foreclosure—Interest Covered.

A mechanics' lien claimant can only bind the interest of the defendant in the property as it exists at the time the lien is filed.

(*February* 18, 1913.)

Judges Boyce and Conrad sitting.

*Robert G. Houston* for petitioner.

*James M. Tunnell* (of *White and Tunnell*) *contra.*

Superior Court, Sussex County, February Term, 1913.

Rule (No. 1, February Term, 1913) to show cause why a sheriff's sale of property under mechanics' lien proceeding should not be set aside. Rule dismissed. The questions presented at the hearing fully appear in the opinion. (See 3 *Boyce* 447, 84 *Atl.* 1030.)

Conrad, J., delivering the opinion of the court:

[1, 2] Mechanics' lien laws are designed to protect builders and contractors and to secure them by giving them a specific lien against the building or structure for which materials have been furnished or on which labor has been expended. Being purely a statutory remedy, the lien law is construed strictly; but such construction must be given as is reasonable and sensible. Our statute declares that the lien may be obtained upon the building or structure, "and upon the ground upon which the same may be situated or erected." To restrict the quantity of ground to the exact area upon which the building or structure is erected would make the law ridiculous and ordinarily would render almost useless and nugatory the remedy which the lien law designs to give the builder. The decisions given generally throughout the country have tended to recognize the principle that, the building being erected for a specific purpose, such quantity of land should go with the building and be embraced in the lien as naturally and

properly is appurtenant to and used with the building. If a town lot, then the town lot is recognized as the ground upon which the building is situated or erected; if a farm, then the building erected on the farm is for the use of and appurtenant to the farm, and the farm, as a whole is the ground upon which the building is situated or erected. To do otherwise would be to make arbitrary divisions that could not but be both unjust and unsatisfactory.

In the case before us we are therefore of opinion that in the advertisement by the sheriff under the *levari facias* the plaintiff in the execution was within the law when he advertised the house and the ten acres of land, being the farm or tract of land upon which it stood, the house and land being indivisible and necessarily being together liable to the operation of the lien. ·

In the statement filed in the mechanics' lien proceeding in this case the plaintiff declared that the building erected by him was situate on a certain tract or parcel of land that had been conveyed to one Thomas Long and by the said Thomas Long "sold or bargained to be sold to Daniel W. McDowell," the defendant, the owner or reputed owner of said building.

It was conceded on the hearing of the rule that Daniel W. McDowell had only an equitable interest in the farm and did not hold the legal title, that he had agreed verbally to buy the farm, had given a note for it with the understanding that a deed was to be made to him,when the note was paid, that the note was not paid and that after the mechanics' lien proceeding was begun McDowell had relinquished whatever claim he had to Thomas Long, the party with whom he had bargained for the purchase.

[3]   The claimant in a mechanics' lien proceeding cannot bind any other estate or interest than that of the person or persons named in the claim as owner or reputed owner; and when lands are sold under a *levari facias* or a judgment obtained on a mechanics' lien proceeding the purchaser will take such estate and interest in the premises sold as the defendant therein had at the time of the filing of the statement by the claimant.

If the defendant had an equitable interest only, the lien would bind such title as he had and no more.

Rule Dismissed.

The sale, in this case, by the sheriff under the *levari facias*, was in the opinion of the court regular and in accordance with law, and no sufficient grounds have been shown to justify us in setting it aside. Therefore the rule is dismissed.