JOHN N. STOCKMAN, Plaintiff, v. JOSEPH W. McKEE and HARRY R. MESSICK, Defendants.

(*February* 28, 1950.)

WOLCOTT, J., sitting.

*Clement C. Wood* for plaintiff.

*David B. Coxe, Jr.*, for defendants.

Superior Court for New Castle County, Nos. 879 and 959, Civil Action, 1949.

**WOLCOTT, Judge.**

I will dispose of the three motions before me in the order in which they are set forth in the statement of the nature of the case.

## Motion to Strike the Lien in Civil

## Action No. 879

This motion is predicated upon the contention that the plaintiff is a "contractor" within the meaning of Section 3324, Revised Code, 1935 and, as such, is required to file mechanic's lien proceedings within 30 days after 90 days of the completion of the work.

The term "contractor" as it is used in the Mechanic's Lien Law has been defined by the courts of this state. In *Carswell* v. *Patzowski,* 4 *Penn.* 403, 55 *A.* 342, 1013 the plaintiff, an architect, filed a claim under the Mechanic's Lien Law for work furnished under contract made with the owner. The court held that an architect was not a "contractor" under the statute. In the course of its opinion, the court defined a "contractor" as one who has made his contract with the owner and who has furnished both work and labor and material.

In *Cantera* v. *Trustees of Eighth Street Baptist Church,* 3 *Boyce* 461, 84 *A.* 1035, a claim was filed by a plaintiff who performed labor and furnished materials under contracts with the building contractor. The claim was filed by the plaintiff as a "contractor" under the statute. The court dismissed the claim, holding that the plaintiff was not a "contractor" within the meaning of the statute since he had not contracted with the owner. The court accepted the definition in the Carswell case and held that the two

qualifications set forth therein were in the conjunctive and that a person to be a contractor within the meaning of the statute must initially have contracted with the owner or reputed owner.

Both *Cantera v. Trustees of Eighth Street Baptist Church, supra,* and *Carswell v. Patzowski, supra,* received the approval of the Supreme Court of this state in *Breeding v. Melson,* 4 *W. W. Harr.* 9, 143 *A.* 23, 24, 60 *A. L. R.* 1252. The Supreme Court said that "a contractor, within the meaning of the statute, is one who furnishes both labor and materials for the erection of any building, house or structure." The Supreme Court, in its statement of the definition, did not include the requirement of the existence of a contract between the contractor and the owner. However, its approval of the Carswell and Cantera cases clearly indicates, when coupled with the language of the statute, that the statement in the Supreme Court's opinion could not have been meant to exclude the contract relationship between the owner and the person filing a claim as "contractor."

■ The rule, therefore, is that a contractor within the meaning of the statute is a person who performs work and labor and furnishes materials for the erection or alteration of a house or structure under a contract, express or implied, with the owners or reputed owners.

The plaintiff urges that in considering the rule laid down in the Carswell and Cantera cases, the underlying cases upon the authority of which the Carswell case was decided must be considered in order to determine the true extent of the rule.

The first of these cases is *Mulrine v. Washington Lodge,* 6 *Houst.* 350. In that case, the facts were that the owner of a quarry supplied stone under a contract with a subcontractor for the construction of the building in question. The court, in charging the jury, instructed it that the plaintiff was not a contractor but was

a material-man and went on to say that everyone hired to work on and every day laborer employed in building a house is in a sense a contractor to perform work and labor but that they were not contractors as that word was used in the statute. The term "contractor" under the statute was confined "to such persons only who contract to do the whole or any part of the work in the construction of any building or structure and also to furnish the materials required for such contract; and no other than such a person is a contractor in contemplation of the act."

The second case relied on as authority in the Carswell case is *Curlett* v. *Aaron, 6 Houst.* 477. In that case, the court defined the word "contractor" as it is employed in Mechanic's Lien Law as something more than a mechanic and a builder merely and as one who was required by contract to erect, alter or repair either in whole or in part the building referred to, and also as one who was required by contract to furnish in whole or in part the materials required. The court then went on to use language upon which the plaintiff strongly relies. This language is as follows:

"But the laborers and workmen who perform the work, the brickmakers who contract to furnish the bricks, the lumbermen who contract to furnish the lumber, the plasterer who merely contracts to do the plastering, and the hardware merchant who contracts to furnish the nails, locks and bolts for the building, and, in fine, all other contractors, mechanics, workmen and laborers in any way employed in the erection and completion, the repair or alteration of the house, building or structure are not deferred in the filing of their respective claims like the special class of contractors I have before been speaking of, * * *.'"

The plaintiff argues that he falls within the class of persons referred to in the quoted excerpt from the opinion of Judge Houston in the Curlett case.

Conceding that if a person falls within the categories mentioned within the quotation from the Curlett case he is required to file his claim within 90 days from the completion of the labor performed or the materials furnished, the question still remains whether or not the statement of claim in the instant case puts the plaintiff within that category.

The plaintiff's claim is made up largely of the labor of the plaintiff himself but, in addition, the claim consists of amounts paid to three individuals for their labor and, in further addition, consists of nine items of materials which the plaintiff purchased from other concerns and which were used in the completion of the structure. If the claim were for the labor of the plaintiff alone, there would be merit to his contention that he falls within the category of a laborer or workman and not within the category of contractor under the statute. However, he claims for more than just his labor. He claims for the labor of persons other than himself, and he claims for materials purchased from others which he used for the completion of the structure. He did, in fact, what contractors generally do. He hired labor and paid the labor himself, and he purchased materials to be used in the construction of the structure. Furthermore, he supplied the labor and materials under an implied contract with the owners for the erection of the structure.

While the plaintiff's case may fall close to the division line between contractor and non-contractor under the statute, it seems to me that having an implied contract with the owners, he satisfied the first of the necessary elements to constitute himself a contractor under the statute, and having furnished labor and materials he satisfied the second requirement.

The plaintiff, therefore, being a contractor, was not entitled to file his claim for a mechanic's lien until after the expiration

of 90 days from the date on which materials, work or labor were last furnished.

The motion to strike in Civil Action No. 879 will be granted.

## Motion to Strike the Lien in Civil
## Action No. 959

In answer to the statement of claim filed in this case, the defendants filed a motion to dismiss, to refuse judgment and to strike the lien entered as a result of the filing of the complaint. The basis of the motion is that prior to the filing of this action, the plaintiff filed Civil Action No. 879 seeking to obtain a mechanic's lien for the same amount, on the same set of facts, and against the same parties, and that the filing of Civil Action No. 879 constituted an election on the part of the plaintiff to proceed by the first action as a non-contractor.

The motion seeks to interpose as a defense to the second action the doctrine of election of remedies. Of course, if applicable, this doctrine is a valid defense. The defendants' theory in support of their motion is that at the time of the filing of the first lien proceeding, the plaintiff could choose one of two alternatives; that is to say, he could choose to seek a mechanic's lien as a non-contractor by filing his statement of claim within 90 days of the completion of the work, or he could choose to await the expiration of 90 days from the completion of the work and within 30 days thereafter file his statement of claim to obtain a mechanic's lien as a contractor.

 The doctrine of election of remedies requires that at the time of the supposed election there were available to the plaintiff two or more inconsistent remedies and that the plaintiff had a choice at that time as to which he desired to pursue. *Simon* v. *Pyrites Co., Ltd.*, 2 *W. W. Harr.* 581, 128 *A.* 370; *Levy* v. *Massachusetts Accident Co.*, 127 *N. J. Eq.* 49, 11 *A.* 2d 79; *Eckstein* v. *Caldwell*, 61 *R. I.* 142, 200 *A.* 434, 119 *A. L. R.* 1311.

██ ██ However, a litigant is not required to make an election of remedies at his peril. He must have a real choice of election, and if, at the time the supposed election is made, it is not apparent which course of action will give him the relief to which he is entitled, he may pursue one of the alternatives even to defeat and then pursue the other, if the applicable statute of limitations will permit, or he may pursue both courses at the same time. The selection of the wrong course of action does not preclude him from later pursuing the proper one. It is merely a mistake on his part and will not deny him the relief he is entitled to under the law. See *Corbett v. Boston & M. R. R. Co.,* 219 *Mass.* 351, 107 *N. E.* 60, 12 *A. L. R.* 683.

██ In the matter at bar, the plaintiff had no real choice of inconsistent remedies at the time Civil Action No. 879 was filed. At the time, in order to obtain a mechanic's lien, he necessarily had to decide whether or not he was a contractor within the meaning of the statute. If he was, a certain time was designated for the filing of his statement. If he was not a contractor, an entirely different time for filing was required. The plaintiff, out of an abundance of caution and, apparently, with doubt as to which category he came under, elected to seek relief in both categories, kno ving as he must have known that eventually he would be denied r elief in one or the other of his actions. But that is no reason to sav that he has, by reason of that doubt, forfeited any right whatsoever to a mechanic's lien to which the law says he was entitled. Actually, at the time the first action was filed there were not in existence two inconsistent remedies the plaintiff might have pursued. In fact, he had only one remedy under the Mechanic's Lien Law. The action he first took has turned out to be a nullity, since he is a contractor under the statute.

I think, therefore, that the doctrine of election of remedies has no application and accordingly, the motion to strike and the motion to refuse judgment will be denied.

The defendants cite *Hollingsworth Co.* v. *Continental-Dia-*

*mond Fibre Co.,* 6 *W. W. Harr.* 303, 175 *A.* 266, to the effect that amendments to mechanic's lien proceedings will not be permitted after the expiration of the time allowed under the statute for filing of the statement of claim. Presumably, this case is cited on the theory that the statute permitting but one mechanic's lien, the filing of Civil Action 959 is in reality an amendment of the first action. I do not agree that the filing of the second action was in effect no more than an attempt to amend the first action to cure its defects. Even if that were so, and the right of the plaintiff to amend his first action were pertinent, still, since the second action was filed within the permitted time for the filing of liens by contractors under the statute, it would be allowed as an amendment under the authority of the Hollingsworth case, since the plaintiff is a contractor within the meaning of the statute and, accordingly, the amendment was sought within the permissible time for the filing of contractors' liens.

Motion to Dismiss the Counterclaim in C. A. 879.

The defendants filed a counterclaim which, in brief, grows out of an oral contract to purchase the land on which the house involved in this matter was erected and which the plaintiff allegedly breached. In addition to this, it is alleged that the plaintiff insisted upon certain changes in the originally contemplated structure which resulted in damage to the structure and expense for its repair. The defendants allege loss of profits and increased expense, and demand judgment in the amout of $900.00.

The plaintiff moved to dismiss the counterclaim and, at the same time, answered its allegations. Fundamentally, the basis for the motion to dismiss is that a counterclaim will not lie in an action for mechanic's lien.

The rules of the Superior Court permit the filing of a counterclaim in any action governed by the rules. Rule 13 (a) *requires*

the filing of a compulsory counterclaim, which is defined in the rule as any claim which "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Rule 13 (b) *permits* the filing of a permissive counterclaim which is defined in the rule as any claim "not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim."

The counterclaim filed in this action, arising as it does out of matters other than the transaction or occurrence for which the mechanic's lien is claimed, that is to say, the implied contract alleged in the statement of claim, falls within the category of a permissive counterclaim *permitted* in Rule 13 (b). The question, therefore, is whether or not in a mechanic's lien proceeding a permissive counterclaim may be filed.

In order to determine the motion, it seems necessary to refer briefly to the nature of mechanic's lien proceedings in this state. The mechanic's lien proceeding was unknown at common law and is entirely of statutory origin. Similarly, the practice and procedure under the law is entirely of statutory origin. *Woolley on Delaware Practice, Vol.* 2, *Sec.* 1386.

The first Mechanic's Lien Law of Delaware (12 Laws of Delaware, Chapter 117) provided that any person entitled to a mechanic's lien should file a bill of particulars of his claim in the office of the Prothonotary and, thereupon, a summons should issue as in an action of assumpsit for work and labor and materials furnished. In *Capelle and Duncan* v. *Bacon's Executrix,* 3 *Houst.* 344, the court held that the right of action given under the then Mechanic's Lien Law was an action similar in its nature to the common law action of assumpsit. In other words, the initial mechanic's lien action in this state was a personal action between the parties.

In 13 Laws of Delaware, Chapter 464, the nature of mechanic's lien actions was changed to provide substantially for the method now found in Section 3324 et seq., Revised Code, 1935; that is to say, the institution of an action by the filing of a statement and the entry of a cautionary lien to be made permanent after the issuance of a *scire facias sur mechanic's lien.*

█ Under the present law, the filing of the statement and the issuance of the *scire facias* results in the judgment *in rem,* which is a special statutory lien on the lands in question relating back to the date of original commencement of the work. No judgment *in personam* is entered against the defendant as a result of mechanic's lien proceedings. *In re Republic Engineering Co.,* 3 *W. W. Harr.* 81, 130 *A.* 498; *Iannoti v. Kalmbacher,* 4 *W. W. Harr.* 600, 156 *A.* 366; *Girdler Corp.* v. *Delaware Compressed Gas Co.,* 7 *W. W. Harr.* 344, 183 *A.* 480.

The procedure in mechanic's lien proceedings prior to the adoption of the present rules of the Superior Court permitted the defendant to file pleas of set-off and notices of recoupment in order to reduce the amount of the claim which was the basis of the special lien permitted by the statute. *Voightmann* v. *Wilmington Trust Building Corp.,* 7 *Penn.* 265. 78 *A.* 920. However, neither by set-off nor by recoupment could a defendant in mechanic's lien proceedings or in any case at common law obtain a personal judgment against the plaintiff. *Woolley on Delaware Practice, Vol.* 1, *Sec.* 492, *Sec.* 502.

█ It seems to me that matters which used to be taken advantage of by plea of set-off or by notice of recoupment are matters which under the new rules would form the basis for compulsory counterclaims. It follows, therefore, since in so far as practicable the present rules of court are intended to govern all actions, that in mechanic's lien proceedings, the defendant, to avail himself of defenses which go to reduce the amount of lien and

which arise out of the transaction which forms the basis of the lien, must plead those defenses by way of counterclaim under Rule 13 (a).

This is not to say, however, that a permissive counterclaim may be pleaded as a defense to a mechanic's lien action. Permissive counterclaims under Rule 13 (b) by definition do not arise out of the transaction which forms the basis of the plaintiff's claim. The basis for the permissive counterclaim is a transaction entirely foreign and outside of the transaction upon which the plaintiff claims. Furthermore, it is quite obvious that a permissive counterclaim might be greatly in excess of the plaintiff's claim and, after trial, might result in the entry of a personal judgment against the plaintiff.

The defendant seeks to interpose as a defense in this action an entirely new cause of action and if, at the trial, it is successfully prosecuted to judgment, the result would be a judgment against the plaintiff and a refusal to enter a lien in favor of the plaintiff against the property on which he worked. However, the statute explicitly gives the plaintiff a right to his lien when the allegations of the statement are supported. A denial of this express right because of transactions between the parties not related to the transaction which supports the right to the lien would be a material change in the substantial rights conferred upon the plaintiff by the statute.

The Mechanic's Lien Law (Chapter 79, Article 1, Revised Code, 1935) is perfectly clear that, upon the filing of a statement of claim in accordance with the provisions of Section 3324, the plaintiff shall have a lien entered in his favor. This lien is cautionary, but provision in Section 3325 is made for its permanence by the issuance of a *scire facias* and the entry of judgment upon it.

The statutory remedy being specific and not being *in personam* but *in rem,* it seems to me quite clear that no denial of that specific statutory remedy by the introduction of an element foreign to the old practice can have been intended by the adoption of the new rules. The denial of any lien, or the entry of a personal judgment against the plaintiff, would be a denial of substantial rights conferred on plaintiffs by the statute.

The court is given authority and power, under Section 4645, Revised Code, 1935, to amend its rules. Such power, however, is limited to "cases not expressly provided for by law." The statute authorizing the entry of mechanic's liens prescribes the procedure to be followed. That procedure had become well settled at the time the new rules were adopted. The court is without power by rule to materially or substantially change the procedure in large measure established by statute, and is certainly without power to alter substantial statutory rights. I conclude, therefore, that in mechanic's lien actions permissive counterclaims under Rule 13 (b) may not be filed, but that counterclaims which heretofore would have been the subject of setoff or recoupment may be filed as compulsory counterclaims under Rule 13 (a).

In the instant case, the counterclaim being based upon a transaction not arising out of the basis of the plaintiff's claim, is a permissive counterclaim at best and, accordingly, is not a proper matter of pleading in a mechanic's lien action.

The motion to dismiss the counterclaim in Civil Action No. 879 is granted.