McHUGH ELECTRIC COMPANY, a corporation of the State of Delaware, Plaintiff-Below, Appellant, v. HESSLER REALTY & DEVELOPMENT Co., a corporation of the State of Delaware, ABRAHAM M. ELLIS, MARTIN B. ELLIS, HERMAN M. ELLIS and SIDNEY H. ELLIS, trading under the firm name of A. M. Ellis Theatres Company, owners or reputed owners, and W. A. ALBERTSON CONSTRUCTION COMPANY, a corporation of the State of Pennsylvania, Defendants-Below, Appellants.

(*February* 18, 1957.)

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, J.J., sitting.

*Vincent A. Theisen* and *Aubrey B. Lank* (of Logan, Marvel, Boggs and Theisen) for Hessler Realty & Development Co., and Abraham M. Ellis, Martin Ellis, Herman Ellis and Sidney H. Ellis, trading under the firm name of A. M. Ellis Theatres Company.

*Louis J. Finger* (of Richards, Layton and Finger) for McHugh Electric Company.

Supreme Court of the State of Delaware, Nos. 32 and 35, 1956.

WOLCOTT, J.:

Review is sought of a judgment imposing a mechanic's lien upon an outdoor theatre and a leasehold interest in the land on which it is erected, and denying the imposition of the lien on the fee interest in the land.

Hessler Realty & Development Co., a Delaware corporation, one of the defendants-below (hereafter Hessler), is the owner in fee of the land on which the theatre is erected. In 1949 it leased the land to two individuals who erected thereon an outdoor theatre. By two successive assignments, the leasehold interest finally came into the ownership of A. M. Ellis Theatres Company, a co-partnership, one of the defendants-below (hereafter Ellis).

Ellis contracted with W. A. Albertson Construction Company, a Pennsylvania corporation, a non-appearing defendant-below (hereafter Albertson), to make additions, changes and improvements to the outdoor theatre. Albertson employed McHugh Electric Company, a Delaware corporation, the plaintiff-below (hereafter McHugh), as a sub-contractor to install electrical apparatus in the outdoor theatre.

McHugh, relying on the credit of the outdoor theatre, installed electrical apparatus consisting of lights and wiring on the concession stand and projection booth, the moonlight pole, the fence, 400 speaker stands, and the ticket booth. The total value of the material furnished and the labor performed by McHugh was $7,178.97. McHugh, not having been paid, instituted an action in the Superior Court by the filing of a "Complaint" for a mechanic's lien upon the entire outdoor theatre. Named as defendants were Hessler, the owner of the fee; Ellis, the owner of the theatre and the leasehold interest; and Albertson, the general contractor.

Writs of *scire facias* were issued to the sheriff of New Castle County. He obtained service upon Hessler and made a return of *non est* as to Ellis and Albertson. A copy of the writ was posted on the front part of the theatre pursuant to 25 *Del. C.* § 2715. Thereupon, a writ of *scire facias* to be served upon Albertson was issued to the sheriff of Kent County who made a return showing service upon the Secretary of State pursuant to 8 *Del. C.* § 321 which, on motion, was later amended to show service pursuant to 8 *Del. C.* § 353, authorizing service upon a foreign corporation doing business in Delaware.

Thereafter, alias writs were issued in New Castle County against Albertson and Ellis which were again returned *non est*, and an alias was issued to the sheriff of Kent County and served by him upon the Secretary of State pursuant to 8 *Del. C.* § 353.

Hessler and Ellis appeared in the cause and filed motions to dismiss for failure to state a claim and upon the additional ground that Albertson, the general contractor, was a necessary party to the cause and had not been served with process. Affidavits were filed in support of and in opposition to the motion, which was thereupon treated by the Superior Court as a motion for summary judgment.

In a memorandum opinion, it was held (1) that Albertson had been successfully served; (2) that a mechanic's lien could not be imposed on the fee interest in the land, the owner of it

not having consented to the work done; (3) that the various components of the outdoor theatre were one structure within the contemplation of the Mechanics' Lien Law, and (4) that a mechanic's lien could be imposed on the structure and the unexpired portion of the leasehold interest in the land. Judgment was entered in accordance with this holding.

From this judgment, McHugh appealed seeking review of that portion denying the imposition of a mechanic's lien upon the fee interest in the land. Ellis and Hessler also appealed, seeking review of that portion imposing a mechanic's lien upon the unexpired portion of the leasehold interest and the structure.

Ellis and Hessler argue that the action should be dismissed because Albertson, a necessary party, has not been made a party by proper service. Initially, it is argued that since the sheriff in his first return stated that service was made on the Secretary of State under 8 *Del. C.* § 321, which provides a method for service of process on a Delaware corporation, that that error may not be corrected by amendment. We disagree, because a timely application to amend a sheriff's return to correct a mistake of fact is allowable. 1 *Woolley on Delaware Practice*, § 206.

In support of the contention that Albertson is a necessary party and must, therefore, be served in a manner to acquire personal jurisdiction over it, *Iannotti v. Kalmbacher*, 4 *W. W. Harr.* 600, 156 *A.* 366, is cited. It is true that this case holds that a general contractor is a necessary party defendant in a suit filed by a sub-contractor for the imposition of a mechanic's lien, but we do not understand it to hold, however, that the impossibility of obtaining personal service on the general contractor will defeat the right of a sub-contractor to obtain a mechanic's lien for work and materials laid out by him.

However, the argument is that since the action seeks a personal judgment against Albertson, jurisdiction over which was sought by service pursuant to 8 *Del. C.* § 353, we must declare the unconstitutionality of that statute under the due process

clause of the Federal 14th Amendment, because it does not provide a procedure which will guarantee that actual notice of the pendency of the action will be received by the foreign corporation. We think, however, that we do not reach the question because, in our opinion, an action for mechanic's lien is not an action *in personam*, but is primarily an action *in rem* in which the imposition of a lien is sought. *In re Republic Engineering Co.*, 3 *W. W. Harr.* 81, 130 *A.* 498; *Iannotti v. Kalmbacher, supra; Stockman v. McKee*, 6 *Terry* 274, 71 *A.* 2d 875.

Ellis and Hessler argue, however, that the Mechanics' Lien Law gives an election to a claimant to proceed either *in rem* or *in personam*. They point to the fact that the initial pleading in this cause is titled "Complaint", and to the suggestion in the statement in the history and source of law appearing in 25 *Del. C.* § 2712, that if a contractor instituting a mechanic's lien proceeding seeks only to enforce his lien against the property, he should designate his pleading as a "Statement of Claim", which is the phraseology of the statute, but that if he seeks in addition a personal judgment against the defendant, he should then title his first pleading a "Complaint". The referred-to statement in the revision note is merely a comment of the code revisors. We are aware of no rule of court which requires following the suggested procedure. We think, in any event, that if a contractor has a right to both a judgment *in rem, viz.,* a lien, and, also, a personal judgment, he may elect to pursue both or either, as he sees fit. The mere designation of the first pleading as a "Complaint", we think, is not an unqualified election to seek a personal judgment against the defendant to the loss of his statutorily-created right to a mechanic's lien in the event personal jurisdiction over the general contractor cannot be obtained. Furthermore, McHugh seeks only a lien as against the appearing defendants in this cause, and we think they have no standing to defend the rights of Albertson, which has seen fit to let the matter go by default as to it.

Since the instant cause is *in rem*, we think the requirements of service in such actions have been complied with.

Actions for mechanic's liens by 25 *Del. C.* § 2714, are directed to proceed by writ of *scire facias* which, by § 2715 of that title are directed to be returned and served in the same manner as other writs of *scire facias* upon the defendant "if he can be found within the county". It is directed that a copy of the writ, if the place over which a lien is sought is not occupied as a place of residence, shall be affixed upon the door or other front part of the structure. By Superior Court Rule 4(f) (4), *Del. C. Ann.*, two returns of a writ of *scire facias* without service are sufficient to constitute legal and sufficient service. This rule is an annunciation of the ancient practice existing in this state for many years. 2 *Woolley on Delaware Practice*, §§ 1321, 1406; *Bauduy v. Bradun*, 1 *Harr.* 182.

We conclude, therefore, since this cause seeks a judgment *in rem*, that the return of two successive writs of *scire facias* without service is sufficient. As a matter of fact, the point would seem to be academic, since both Hessler and Ellis have appeared to defend the action.

■ Next, Ellis and Hessler argue that the complaint is defective in that it fails to designate the amount claimed to be due on each of the structures comprising the outdoor theatre as required by 25 *Del. C.* § 2713. They cite *Warner Co. v. Leedom Construction Co.*, 9 *Terry* 58, 97 *A.* 2d 884, which holds that the provisions of § 2713 requiring apportionment of the amount between two or more structures over which a mechanic's lien is claimed are mandatory.

The argument is based upon the theory that in fact the various component parts of the outdoor theatre comprise two or more structures and not one structure over which a general lien can be claimed. We think the various installations on which electrical work was done by McHugh are in point of fact functionally and physically designed for one purpose, which purpose is the showing in the open air of motion pictures. We think it clear, therefore, that the various components comprise one structure within the contemplation of the Mechanics' Lien Law and

that a sub-contractor may successfully impose a lien upon the entire theatre on the theory that it is one structure under the Mechanics' Lien Law.

Ellis and Hessler next argue that the mechanic's lien sought in this cause must be denied because the items on which the lien is sought to be imposed are in fact personal property which have not become a part of the realty. We think the argument assumes an erroneous conception of the facts. This outdoor theatre consists of a screen tower constructed of structural steel mounted on a concrete foundation, of a fence consisting of wooden posts set on concrete footings on which are hung corrugated metal screens, a ticket booth constructed of brick walls and set upon concrete floors, a projection booth and concession stand of concrete brick walls set upon concrete floors, a moonlight pole used for lighting the theater, which is a 75-foot wooden pole imbedded 10 feet in the ground in poured concrete, and speaker stands which consist of galvanized iron pipes set into the ground. All of these items are connected by wiring and insulation which runs underground, along the fences, and into all parts of the buildings. All of such wiring and insulation are of a permanent nature. We think from a recitation of the above facts that it is clear that the various items comprising the outdoor theatre are permanent installations on the land and are not readily removable chattels in the nature of trade fixtures.

Ellis and Hessler rely upon *Girdler Corp. v. Delaware Compressed Gas Co.*, 7 *W. W. Harr.* 344, 183 *A.* 480, 481, which announces the rule that the Mechanics' Lien Law does not allow the enforcement of a lien on personal property as such, but goes on to say that such a lien may become allowable when such property becomes affixed to the real estate or loses its identity as such by becoming a part of the real estate. In the *Girdler* case, a lien was sought to be imposed on machinery and plant equipment which is specifically stated to have been installed in a building already in existence and "not in such fashion as to cause it to lose its identity as personal property".

We think it clear under the facts of the case before us that the mentioned items were all installed in such manner as to have become fixed to the real estate and to have therefore lost their identity as personal property.

■ Ellis and Hessler, however, point to a provision of the existing lease between themselves which provides that upon the termination of the lease, the lessee may remove at its option all of the theatre installations. This, it is argued, makes the various items retain their characteristic of personal property and, thus, exempts them from the imposition of a mechanic's lien. We think it immaterial in the determination of the right to impose a mechanic's lien on property what the lessor and lessee have agreed to as between themselves for the fixing of their rights. McHugh is asserting a right to a mechanic's lien given him by statute which admittedly covers fixtures attached to the land. We think, therefore, that Ellis and Hessler may not, by agreement between themselves, preclude the assertion of a statutorily created right for the benefit of sub-contractors and materialmen. *Cf. In re Frederica, W. L. & P. Co.*, 10 *Del. Ch.* 362, 93 *A.* 376 and *Equitable G. & T. Co. v. Knowles*, 8 *Del. Ch.* 106, 67 *A.* 961.

■ It is next argued by Ellis and Hessler that no lien may be imposed upon the outdoor theatre because a mechanic's lien is primarily a lien upon land, the value of which has been increased by the work done. It is argued that since the lessee has the privilege of removal of the structures, obviously, the value of the land itself has not been improved and, thus, the Mechanics' Lien Law is inapplicable.

This argument ignores the clear meaning of the Mechanics' Lien Law that the lien is primarily a lien upon a structure erected upon the land. Thus, 25 *Del. C.* § 2702 authorizes the imposition of a mechanic's lien by any person who has contracted with the "owner of such structure", and provides that the lien obtained shall be a "lien upon such structure" and incidentally upon the ground upon which it is erected. Throughout the Me-

chanics' Lien Law reference is made to the lienee as the owner of the structure upon which the lien is sought to be imposed. See 25 *Del. C.* §§ 2705, 2711, 2712(b) (2), 2713 and 2723. Finally, 25 *Del. C.* § 2712(b) (8) requires as a basic fact for the imposition of a mechanic's lien that the materials and labor furnished shall have been furnished by the prospective lienor upon the credit of the structure.

The statement in the *Girdler* case to the effect that the right to a mechanic's lien is based upon the theory that the value of the land has been increased by the labor or materials which went into the structure erected thereon does not support the contention of Ellis and Hessler, or, if it does, it went too far, for the reason that primarily a mechanic's lien is a lien upon the structure. That this is so is clear from the rule that if the structure is destroyed the lien thereby is extinguished. *Wood & Co. v. Wilmington Conference Academy*, 1 *Marv.* 416, 41 *A.* 89.

Finally, Ellis and Hessler argue that the Mechanics' Lien Law does not authorize the imposition of a lien on a structure erected on land in which the owner of the structure has only a leasehold interest.

25 *Del. C.* § 2718, however, makes it clear that our Mechanics' Lien Law provides for a lien primarily upon the structure and only incidentally upon the ground upon which the structure is erected. Under somewhat similar statutes the right to impose a lien upon a structure, the owner of which has only a leasehold interest in the land, has been upheld in other jurisdictions. *Zabriskie v. Greater America Exposition Co.*, 67 *Neb.* 581, 93 *N. W.* 958, 62 *L. R. A.* 369; *Miller v. Bankers Mortgage Co.*, 130 *Kan.* 543, 287 *P.* 618; *Stein v. Pennsylvania Dock & Warehouse Co.*, 159 *A.* 683, 10 *N. J. Misc.* 568 and, see, also, *Rockel on Mechanics' Liens*, § 141.

While the point has not been specifically passed on in this state, the case of *In re Long*, 4 *Boyce* 88, 86 *A.* 104, by analogy supports the conclusion inasmuch as a mechanic's lien was al-

lowed by that case against a structure erected on land in which the defendant had an equitable interest only.

We think it clear, therefore, that the Delaware Mechanics' Lien Law, providing as it does primarily for a lien upon a structure, authorizes the imposition of a lien upon the ground on which the structure is erected to the extent to which the owner of the structure has any interest. It, therefore, follows that the lien in this cause binds the outdoor theatre and the unexpired portion of the leasehold interest of Ellis.

McHugh in its cross-appeal argues that the lien should also bind the fee interest of Hessler in the land. 25 *Del. C.* § 2722, provides that no mechanic's lien shall attach to the fee interest in the land when the repairs, alterations or additions which give rise to the claim for a lien have been performed "without the prior written consent of the owner."

McHugh argues that the required written consent is contained in a provision in the original lease which, by assignment, has come into the ownership of Ellis. This provision expressly contemplates the erection of an outdoor theatre and that all the erections on the property should remain the property of the lessee who should have the right of removal. From these provisions it is argued a blanket consent for the future alteration and repair of the outdoor theatre has been given by Hessler.

Assuming without deciding that the referred-to provisions of the lease would have authorized the imposition of a mechanic's lien upon the fee interest in the land arising from the original construction of the outdoor theatre, yet, that does not satisfy the requirement of "prior written consent of the owner" for subsequent alterations or additions. Our conclusion in this respect is strengthened by a further provision of the lease which has not been referred to by counsel. The lease provides, if the interest of the lessee shall be sold under execution, or other legal process, that the lessor at its option may terminate the lease. This provision, we think, negatives any idea that the lessor at the time the lease was first executed was consenting in

advance to future alterations and repairs which would furnish the basis for the imposition of a mechanic's lien on the fee interest.

For the foregoing reasons, the judgment of the court below is affirmed.