## Montague, Appellant, *v.* Earnest.

Argued April 14, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS. JJ.

*Waldo P. Breeden,* for appellant.

*Maurice Louik,* with him *Charles E. Young,* and *Harrison & Louik,* for appellee.

OPINION BY WRIGHT, J., June 11, 1958:

On December 5, 1956, a certified copy of a decree of the Orphans' Court of Allegheny County in the Estate of Carrie P. Earnest, deceased, dated July 30, 1956, was filed in the Court of Common Pleas of said county, together with a praecipe for judgment in favor of E. Parke Montague, Jr., administrator d.b.n. c.t.a. of the Estate of Carrie P. Earnest, against Walter C. Earnest, Jr., administrator of the Estate of Walter C. Earnest, Sr., in the amount of $2,866.34, plus interest from July 30, 1956, in the amount of $42.49. The prothonotary thereupon entered judgment in the total amount of $2,908.83. Upon motion of counsel for the defendant, the lower court struck said judgment from the record. This appeal followed.

Counsel for appellant endeavors to justify entry of the judgment in question under the provisions of Sec-

tion 755 of the Fiduciaries Act of 1949[1] relating to transcripts of balances due by personal representatives, and which reads in pertinent part as follows (italics supplied) : "(a) Filing in common pleas. The prothonotary of any court of common pleas shall, on demand of any party in interest, file and docket a certified transcript or extract from the record showing that an orphans' court has adjudged *an amount to be due* by a personal representative, and such transcript or extract shall constitute a judgment against the personal representative from the time of its filing with the same effect as if it had been obtained in an action in the court of common pleas"

The record and briefs before us are so meager that, in order to come to a proper understanding of the factual background, we have reviewed the involved and voluminous proceedings in the orphans' court. Carrie P. Earnest died on April 19, 1951, and her husband, Walter C. Earnest, Sr. was appointed her administrator. The inventory eventually filed in the Estate of Carrie P. Earnest lists the following assets: check of Treasurer of U. S. $16.00, furniture and personal effects $216.00, jewelry $3,074.50, total $3,306.50. Walter C. Earnest, Sr. died on January 14, 1952, and his son by a former marriage, Walter C. Earnest, Jr., was appointed his administrator. After a lengthy contest, a writing signed by Carrie P. Earnest was determined to be testamentary in character. E. Parke Montague, Jr., a nephew, was thereafter appointed administrator d.b.n. c.t.a. of her estate.

The decree dated July 30, 1956, sets up a balance for distribution in the sum of $3,306.50, the amount of the inventory. It credits Walter C. Earnest, Jr. with "household goods et cetera delivered" in the sum of

---

[1] Act of 1949, P. L. 512, Section 755, 20 P.S. 320.755.

$196.00, and with the sum of $244.16 "in reimbursement for cash advanced for administration expenses". It awards to E. Parke Montague, Jr., administrator d.b.n. c.t.a. of the Estate of Carrie P. Earnest, "balance viz: Jewelry, household goods and miscellaneous assets" in the sum of $3,306.50, subject to payment of the sum of $440.16 to the accountant, Walter C. Earnest, Jr. It then sets forth a net figure of $2,866.34, for which the judgment in question was entered. By virtue of a stipulation of counsel filed in the orphans' court, the said decree was amended on October 10, 1956, to set forth that the sum advanced in cash by Walter C. Earnest, Jr. was actually $440.16 instead of $244.16, and that the figure of $196.00 represented items of household goods which had been given to members of his wife's family by Walter C. Earnest, Sr. in his lifetime. The total sum credited against the amount of the inventory was increased to $636.16, and the net figure was decreased to $2,670.34. It is therefore difficult to understand the action of counsel for appellant in certifying, and entering judgment for the larger figure set forth in, the original decree.

In any event, we are clearly of the opinion that Section 755 of the Fiduciaries Act of 1949 does not apply to distributions in kind. By its express terms it refers to transcripts showing that the orphans' court has adjudged "an amount to be due". The decree here under consideration does not adjudge "an amount to be due". In effect, it directs Walter C. Earnest, Jr. to turn over in kind those assets of the estate of Carrie P. Earnest which had come into his possession,[2] subject to payment of the cash advanced by him for

---

[2] The fiduciary of a deceased fiduciary is personally liable only for assets which come into his possession: *Schwartz Estate*, 166 Pa. Superior Ct. 459, 71 A. 2d 831.

administration expenses. The enforcement of such a decree should remain within the control of the orphans' court which entered it, and all relief should be granted there.

Order affirmed.