LANCE ROOFING Co., INC., a Georgia corporation, Plaintiff, v. GLOBE-UNION, INC., a Delaware corporation, Owner or Reputed Owner, and HENRY C. BECK COMPANY, a Delaware corporation, Contractor, Defendants.

(*March* 26, 1962.)

CHRISTIE, J., sitting.

*Clair J. Killoran* and *David Snellenburg, II* (of Killoran and Van Brunt) for the plaintiff.

*Max S. Bell, Jr.* (of Richards, Layton and Finger) for the defendant.

Superior Court for New Castle County, No. 1233, C. A., 1961.

CHRISTIE, J.:

Plaintiff, Lance Roofing Company, Inc. (Lance), a Georgia corporation filed an action against a building built for defendant Globe-Union, Inc., a Delaware corporation, on Globe-Union's property near Middletown, Delaware, by defendant Henry C. Beck Company, also a Delaware corporation. Beck was the contractor and Lance the subcontractor on the building in question. Lance's pleading instituting the action was titled "Complaint and Statement of Claim for Mechanic's Lien".

Personal service was obtained on both corporate defendants by leaving a copy of the complaint and statement with an officer of the resident agent.

Lance has conceded that it did not establish its right to a mechanic's lien, and summary judgment will be entered in favor of Globe-Union, Inc. since the only claim against it is based on the mechanic's lien action. Summary judgment will

also be entered in favor of Beck in so far as the claim against it is based on a mechanic's lien.

Plaintiff now seeks to continue the proceeding as an *in personam* action against Beck for debt due. Plaintiff argues that it is permitted by statute to combine a statement of claim for a mechanic's lien and a cause of action *in personam* in the same proceeding.

The statute on which plaintiff relies reads in pertinent part as follows:

"(a) Every person entitled to the benefits conferred by this chapter and desiring to avail himself of the lien provided for in this chapter, shall, within the time specified in this chapter, file a statement of claim, which may also serve as a complaint when so denominated, in the office of the Prothonotary of the Superior Court in and for the county wherein such structure is situated. * * *

"(c) The complaint and/or statement of claim shall be supported by the affidavit of the plaintiff-claimant that the facts therein are true and correct." (25 *Del. C.* § 2712).

The provision in 25 *Del. C.* § 2712 that a statement of claim for a mechanic's lien may also serve as a complaint when so denominated was added for the first time at the suggestion of those drafting the current Code adopted in 1953. Before that date such provision existed only as a footnote to Form 12 of the Civil Rules. The revision note attached to § 2712 makes the following comment:

"It has been suggested that if the contractor, who institutes the mechanic's lien proceeding, seeks only to enforce his lien against the property, then the designation of the pleading as a 'Statement of Claim' is probably proper; but that if he seeks, in addition to the enforcement of his lien, a personal judgment against the defendant, then the pleading should be designated a 'Complaint'."

Other provisions of the mechanic's lien statute seem to contemplate that any personal action brought will be a separate action. 25 *Del. C.* § 2721 and § 2725. It is to be noted that these provisions permit but do not require a separate action for personal judgment.

Defendant relies on the holdings of two recent Delaware cases in his attempt to nullify the pertinent provision of 25 *Del. C.* § 2712.

Before the provisions of 25 *Del. C.* § 2712 as they now stand were adopted, this Court ruled that the defendant could not assert either a set-off or recoupment in an action for a mechanic's lien where the set-off or recoupment did not arise from the same transaction as the mechanic's lien action. *Stockman v. McKee*, 6 *Terry* 274, 71 *A.* 2d 875 (1950). The dicta in the *Stockman* decision stated in effect that counterclaims arising out of the same transaction as the mechanic's lien (compulsory counterclaims) may be asserted by defendants in mechanic's lien actions but only as set-off or recoupment and not as *in personam* claims. The decision implies that it would require a change in the statute to permit a combination of a mechanic's lien action and an *in personam* action.

The statute was thereafter amended to permit such combination. It is obvious that the *Stockman* decision does not forbid a combination of the two actions under the current statute.

The other case upon which defendant relies is *McHugh Electric Co. v. Hessler Realty & Development Co.*, 11 *Terry* 296, 129 *A.* 2d 654 (1957), a Supreme Court case decided since 25 *Del. C.* § 2712 was adopted. In the *McHugh* case plaintiff brought a mechanic's lien action but designated the pleading a "Complaint". This designation ran counter to the Code revisers' note quoted above which suggested that the term "Statement of Claim" should be used when plaintiff seeks a mechanic's lien and that the term "Complaint" should be used if a personal judgment is also sought.

Apparently defendant argued that plaintiff could not assert a claim for a mechanic's lien because it had designated the pleading a "Complaint" thereby electing to assert an *in personam* claim. The Supreme Court brushed aside this argument and permitted the action to proceed as a mechanic's lien action. It observed that no rule of court required a litigant to follow the suggestion contained in the Code revision note. The Supreme Court also recognized plaintiff's right to pursue both an *in rem* lien and a personal judgment but expressed no opinion on whether such claims could be asserted in one action. It did not rule that the provisions of § 2712 were inoperative or invalid.

I conclude that the statutory provisions permitting one paper to serve both as a statement of claim for a mechanic's lien and a complaint for an *in personam* action are not nullified by either of the decisions cited by defendant. These statutory provisions must be given effect if they are consistent with due process of law.

If the requirements of due process are met, a defendant has no cause to complain even though the Legislature changes established procedure by permitting two claims to be set down on one piece of paper where two pieces of paper would have been necessary theretofore.

Among the pertinent requirements of due process are the following:

(1) No *in personam* judgment may be had without appropriate service of process as provided in the general statutes.

(2) No *in personam* judgment may be had unless the complaint states a cause of action for such judgment.

(3) Defendant must be given reasonable notice that a personal judgment is sought as well as a mechanic's lien.

I find that plaintiff has met all of these requirements in this particular case as to its claim against Beck. It is obvious that some mechanic's lien actions would not meet all of these requirements.

For the reasons stated, the mechanic's lien action against both defendants will be dismissed, but the motion for summary judgment as to plaintiff's *in personam* action against Beck is denied.