Mc ELROY AND COMPANY,
a Delaware Corporation,
Plaintiff,

v.

CHRIS EPISCOPO CONSTRUCTION CO., INC., a Delaware corporation and State Farm Mutual Automobile Insurance Company, an Illinois corporation, Defendants.

Civ. A. No. 92L–01–5.

Superior Court of Delaware,
New Castle County.

Submitted: March 25, 1992.
Decided: April 27, 1992.

John E. Sullivan, of Williams, Sullivan & Marston, for plaintiff.

David S. Lank, of Theisen, Lank, Mulford & Goldberg, for defendant Episcopo.

Sherry Ruggiero Fallon, of Tybout, Redfearn & Pell, for defendant State Farm.

## OPINION

TAYLOR, Judge.

The complaint in Count I seeks mechanics' lien remedy pursuant to 25 Del.C. ch. 27 involving property located at 3540 Old Capitol Trail and in Counts II, III, IV and V seeks personal judgment against the defendant for the same materials delivered and labor done.

Defendant Chris Episcopo Construction Company, Inc. [defendant] has asserted a counterclaim against plaintiff for alleged breach of contract for "painting services on the project known as the P.S. DuPont project." Plaintiff has moved to dismiss the counterclaim. Correspondence after oral argument of the motion has developed the issue to be considered here.

Plaintiff contends that this counterclaim is not permitted in this mechanics' lien case, citing *Stockman v. McKee*, Del.Super., 71 A.2d 875 (1950). Defendant contends that plaintiff by seeking personal judgment has waived the protection afforded the *in rem* mechanics' lien action.

█ 25 *Del.C.* § 2721 provides that the mechanics' lien statute "shall [not] be construed to impair or otherwise affect the right of any person.... to maintain any personal action against the owner or contractor" to recover a debt due for labor done or materials furnished. It further provides that the debt action may be "for the same or for any greater or less demand before, concurrently with or after the proceedings for obtaining the" mechanics' lien. It also provides that "the judgment whether for the plaintiff or defendant or any of the defendants in such personal action shall in no wise impair, alter or affect the lien or the proceedings or judgment or execution provided for in this chapter." This statute contemplates that the personal judgment claim may be treated as independent of the mechanics' lien claim.

Since that section provides that the debt and mechanics' lien claims may be pursued "concurrently," and since Superior Court Civil Rule 18 permits a party to join "as many claims as the party has against an opposing party," plaintiff was entitled to join its mechanics' lien claim and its debt claim against defendants.

In *Stockman v. McKee*, supra, the plaintiff's action sought only a mechanics' lien. Defendant's counterclaim sought personal judgment against plaintiff. This Court reviewed the historic application of the mechanics' lien statute and held that defenses in the nature of set-off and recoupment growing out of the same transaction could be asserted to reduce or offset the amount of the mechanics' lien, but that they could not result in a personal judgment against plaintiff. The Court noted that the statutory result of a mechanics' lien action is a

lien on property and not a personal judgment. Based on those considerations, the Court held that a counterclaim would not be permitted in a mechanics' lien action because the personal judgment which might be rendered on the counterclaim would interfere with the operation of the lien conferred by statute. In Stockman, the mechanics' lien action stood alone and was not accompanied by a personal judgment claim.

In the present case, plaintiff has sought both a mechanics' lien and personal judgment. Each claim may be treated as independent of the other. Under Rule 13, a defendant may file a permissive counterclaim stating "any claim against an opposing party." Applying *Stockman*, the counterclaim may not be asserted against the mechanics' lien claim. However, defendant's counterclaim is permissible against plaintiff's personal judgment claims in Counts II, III, IV and V.

Based on the foregoing considerations, plaintiff's motion to dismiss the counterclaim is GRANTED with respect to count I of the complaint, but is DENIED with respect to Counts II, III, IV and V of the complaint.